**Ariben GRINSZTEIN–DE MARCO, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–73341.
Agency No. A72–865–135.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 10, 2005.*

Decided Jan. 12, 2005.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

James L. Rosenberg, Esq., Law Offices of James L. Rosenberg, Los Angeles, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, San Francisco, CA, Mark C. Walters, Esq., Jacqueline Dryden, Peter D. Keisler, Esq., Washington, DC, for Respondent.

Before BEEZER, HALL and SILVERMAN, Circuit Judges.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

## MEMORANDUM **

Ariben Grinsztein–De Marco, a native and citizen of Peru, petitions for review of the Board of Immigration Appeals' ("BIA") decision summarily affirming an immigration judge's order ("IJ") deporting Petitioner under former 8 U.S.C. § 1251(a)(2)(A)(ii) and denying his application for suspension of deportation. We have jurisdiction pursuant to former 8 U.S.C. § 1105a(a). *See Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997). We review for substantial evidence a finding of statutory ineligibility for suspension of deportation based on a lack of good moral character. *Ramos v. INS*, 246 F.3d 1264, 1266 (9th Cir.2001). We deny the petition.

■ Petitioner was twice convicted of theft under California Penal Code § 484(a). Petitioner contends that the crimes were part of a single scheme of criminal misconduct and therefore he is not deportable under 8 U.S.C. § 1251(a)(2)(A)(ii) ("Any alien who at any time after admission is convicted of two or more crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct, regardless of whether the convictions were in a single trial, is deportable.").

The crimes occurred on different dates and in different locations. Petitioner's evidence of a "plan or program of future action," offered to show that the crimes were part of a single scheme was based on inconsistent testimony in the record. *See Leon–Hernandez v. INS*, 926 F.2d 902, 904–05 (9th Cir.1991) (explaining that in order to rebut the presumption of separate crimes created by the fact that the crimes were committed on different dates, petitioner must show evidence of a "plan or program of future action."). Therefore,

the IJ properly found that Petitioner was deportable by reason of two criminal convictions involving moral turpitude not arising out of a single scheme of criminal misconduct. *See id.* at 905; *United States v. Esparza–Ponce,* 193 F.3d 1133, 1135–37 (9th Cir.1999) (holding that petty theft is a crime of moral turpitude).

 Further, substantial evidence supports the IJ's denial of suspension of deportation because Petitioner committed two crimes involving moral turpitude and he is therefore not a person of good moral character for purposes of the Immigration and Nationality Act. *See* 8 U.S.C. §§ 1101(f)(3); *id.*

Petitioner's regulatory challenge to the BIA's streamlining of his case is unpersuasive. *See Garcia–Martinez v. Ashcroft,* 371 F.3d 1066, 1078–79 (9th Cir.2004).

Petitioner's due process challenge fails because he did not demonstrate prejudice. *See Lara–Torres v. Ashcroft,* 383 F.3d 968, 973 (9th Cir.2004).

Petitioner's motion to remand is denied.

The Clerk shall amend the docket to indicate that Attorney General John Ashcroft is the proper respondent.

PETITION FOR REVIEW DENIED.